FILED

07/12/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0365

DA 14-0365

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 168

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

CHARLES DUSTIN RICKETT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 12-143C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Eric Kitzmiller, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:  May 25, 2016

Decided:  July 12, 2016

Filed:

                                                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Charles Dustin Rickett appeals the order of the Eighteenth Judicial District Court, Gallatin County, denying Rickett's request to order sheriff's deputies to remove a security brace from his leg during trial.  We address the following issue:

> *Whether the District Court abused its discretion by requiring Rickett to wear a leg brace during trial.*

¶2      We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      On July 27, 2012, the State of Montana charged Rickett with Aggravated Kidnapping, Burglary, Intimidation, and Escape.  The State alleged that Rickett escaped from his incarceration at the Gallatin County Re-Entry Facility's pre-release center, traveled to Manhattan, Montana, and kidnapped his former foster mother to gain access to the safe at the Bay Bar and Grill in Bozeman, where she worked as a bookkeeper.

¶4      The District Court held a jury trial from February 25 through February 27, 2014.  Rickett appeared in person at the trial.  He was wearing street clothes with a leg brace on his right leg underneath his pants.  Before jury selection, Rickett asked the Court to order sheriff's deputies to remove his leg brace.  Rickett's counsel stated that the leg brace "creates a large bulge" in Rickett's pants leg, and said he was "concerned" that if Rickett stood up before the jury, he would "fiddle with [the brace], and the jury's going to take obvious note of this large leg brace."  The District Court denied Rickett's request, finding that the leg brace was "just a bulge underneath [Rickett's] pants" and "the minimum security that the Sheriff requires for [bringing] prisoners back and forth."  However, the

2

District Court told Rickett he could raise the issue again before standing or walking in front of the jury. Before taking the stand on the last day of trial, Rickett again requested that the Court order sheriff's deputies to remove his leg brace. The District Court denied Rickett's request, stating: "I believe that [the leg brace] is concealed enough that . . . it does not prejudice Mr. Rickett."

¶5 On February 27, the jury found Rickett guilty of Aggravated Kidnapping, Intimidation, and Escape.[1] The District Court designated Rickett a persistent felony offender and sentenced him to the Montana State Prison for forty years with no time suspended. Rickett appeals the District Court's denial of his request to order sheriff's deputies to remove his leg brace.

## STANDARDS OF REVIEW

¶6 We review a district court's decision to restrain a criminal defendant during trial for abuse of discretion. *State v. Jackson*, 2009 MT 427, ¶ 57, 354 Mont. 63, 221 P.3d 1213. "Notwithstanding this deferential standard, however, judicial discretion must be guided by the rules and principles of law; thus, our standard of review is plenary to the extent that a discretionary ruling is based on a conclusion of law." *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45. In such circumstances, "we must determine whether the court correctly interpreted the law." *Price*, ¶ 17.

---

[1] The District Court dismissed the Burglary charge mid-trial.

**DISCUSSION**

¶7 *Whether the District Court abused its discretion by requiring Rickett to wear a leg brace during trial.*

¶8 The Fifth Amendment of the United States Constitution and Article II, Section 17 of the Montana Constitution entitle criminal defendants to appear before a jury free of shackles and other physical restraints. *State v. Herrick*, 2004 MT 323, ¶¶ 12, 15, 324 Mont. 76, 101 P.3d 755. However, this right is not absolute, and a trial court's decision to restrain a defendant during trial is not per se unconstitutional. *Herrick*, ¶ 12. In *Herrick*, we adopted a two-step test for determining whether a trial court abused its discretion in restraining a criminal defendant during trial. *Herrick*, ¶ 15. First, the trial court "must be persuaded by compelling circumstances that some measure is needed to maintain the security of the courtroom." *Herrick*, ¶ 14. Second, the court "must pursue less restrictive alternatives before imposing physical restraints." *Herrick*, ¶ 14. A trial court's decision to restrain a defendant without first engaging in the two-step *Herrick* analysis constitutes an abuse of discretion. *State v. Hartsoe*, 2011 MT 188, ¶ 22, 361 Mont. 305, 258 P.3d 428.

¶9 In this case, the District Court did not apply the *Herrick* test before denying Rickett's request to remove his leg brace. Therefore, the District Court abused its discretion. However, our inquiry does not end here. Rather, once we have established that a trial court has violated either prong of *Herrick*, we next determine whether the court's error is structural in nature. *Hartsoe*, ¶ 31. "A structural error is one 'which so infect[s] and contaminate[s] the framework of the trial as to render it fundamentally

4

unfair, requiring automatic reversal.'" *Hartsoe*, ¶ 31 (quoting *State v. Charlie*, 2010 MT 195, ¶ 40, 357 Mont. 355, 239 P.3d 934) (changes in original). When a defendant is physically restrained, a structural error occurs if the impact of the physical restraint on the defendant or the defense is "so pervasive that the error is not susceptible to analysis under harmless error standards." *Hartsoe*, ¶ 31.

¶10 In *Hartsoe*, we concluded that the District Court's error of allowing a defendant to be observed by the jury while shackled to a chair without engaging in the *Herrick* test did not constitute structural error. *Hartsoe*, ¶ 33. We reasoned that the court's error did not inhibit the defendant's ability to conduct his defense because the defendant was shackled for only a portion of voir dire and remained free from shackles for the remainder of his trial. *Hartsoe*, ¶ 33. In contrast to *Hartsoe*, Rickett's leg brace was underneath his clothing and not immediately visible. Although Rickett's counsel argued that the brace created a "large bulge" in Rickett's pant leg and would cause him to limp while walking, we cannot discern from the record whether the jury suspected Rickett was wearing a restraint device. Moreover, at the beginning of the trial, Rickett's counsel informed the jury that Rickett was an inmate with the Montana Department of Corrections, and that he had escaped from the pre-release center. While he was on the stand, Rickett himself told the jury that he escaped from the pre-release center. Given the relatively unobtrusive nature of the leg brace, and Rickett's admission to being an inmate and an escapee, we cannot conclude that the impact of the leg brace on Rickett or his defense is so pervasive that the District Court's error is not susceptible to a harmless error analysis. *See Hartsoe*,

5

¶ 31. Our review of the record thus leaves us convinced that the District Court's error is not structural.

¶11 Once we have established that a trial court's error is not structural, we next consider whether the error is harmless. *Hartsoe*, ¶ 32. Under the harmless error analysis, the State must demonstrate that there is no reasonable possibility that the trial court's failure to adhere to *Herrick* prejudiced the defendant. *Hartsoe*, ¶ 32. "In other words, the State has the burden of persuading the Court that the violation was harmless in light of the interests that the right to remain free of physical restraints was designed to protect." *Hartsoe*, ¶ 32. Visible restraints create a "high risk of prejudice" because they indicate that the court believes there is a "need to separate the defendant from the community at large, creating an inherent danger that [the] jury may form the impression that the defendant is dangerous or untrustworthy." *Hartsoe*, ¶ 32 (quoting *Dyas v. Poole*, 317 P.3d 934, 937 (9th Cir. 2002)) (changes in original). Visible restraints also may prejudice the defendant by undermining the presumption that the defendant is innocent. *Hartsoe*, ¶ 32. Conversely, if a jury never sees the restraints, the presumption of innocence is not undermined and the court's error is harmless. *See Castillo v. Stainer*, 983 F.2d 145, 149 (9th Cir. 1992) (holding that a waist chain could not be seen by the jury and, therefore, "the court's error was harmless beyond a reasonable doubt").

¶12 The District Court determined that Rickett's leg brace was not visible, and there is no indication in the record that the jury noticed it. However, even if the jury did notice Rickett's brace, we find persuasive the Ninth Circuit's reasoning, in *Walker v. Martel*, 709 F.3d 925, 942 (9th Cir. 2013), that a leg brace "only suggested [the defendant's]

custody status, not a proclivity for violence, as his hands were unencumbered." Rickett admitted to being an inmate and an escapee, and leg braces are designed to prevent rapid movement. Assuming the jury did, in fact, notice the brace, this would only confirm what Rickett had himself acknowledged—his custody and escapee status; it does not suggest a proclivity for violence. By the same reasoning, Rickett's presumption of innocence was not undermined. At most, the leg brace might indicate that Rickett was a potential flight risk. Such an indication would not undermine Rickett's presumption of innocence because Rickett admitted to being an escapee. We therefore conclude there is no reasonable possibility that Rickett was prejudiced by the District Court's violation of *Herrick*. *See Hartsoe*, ¶ 32. Accordingly, the District Court's error was harmless.

## CONCLUSION

¶13 We affirm the District Court's denial of Rickett's request to order sheriff's deputies to remove a security brace from his leg during trial.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON